Robert S. Green (SBN 136183)
**GREEN & NOBLIN, P.C.**
2200 Larkspur Landing Circle, Ste. 101
Larkspur, CA 94939
Telephone: (415) 477-6700
Email: gnecf@classcounsel.com

*Counsel for Plaintiff*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA ROYER, Derivatively on Behalf of STITCH FIX, INC., | Case No.: 18-cv-07475 |
| Plaintiff, | |
| v. | **STIPULATION AND ORDER TO STAY DERIVATIVE ACTION** |
| KATRINA LAKE, STEVEN ANDERSON, J. WILLIAM GURLEY, MARKA HANSEN, KIRSTEN LYNCH, SHARON MCCOLAM, and MIKKEL SVANE, | |
| Defendants, | |
| -and- | |
| STITCH FIX, INC., | |
| Nominal Defendant. | |

Plaintiff Sabrina Royer ("Plaintiff"), derivatively and on behalf of Stitch Fix, Inc. ("Stitch Fix"), and defendants Katrina Lake, Steven Anderson, J. William Gurley, Marka Hansen, Kirsten Lynch, Sharon McCollam, Mikkel Svane and Stitch Fix, Inc. ("Defendants") (collectively, the "Parties") jointly submit this Stipulation to temporarily Stay the Derivative Action ("Stipulation"), and in support thereof state as follows:

**WHEREAS**, Plaintiff filed the above-captioned purportedly in the right, and for the benefit, of Stitch Fix against Defendants seeking to remedy Defendants' alleged breach of fiduciary duties, gross mismanagement and unjust enrichment that occurred and have caused substantial harm to Stitch Fix (the "Derivative Litigation").

**WHEREAS**, pending in the United States District Court for the Northern District of California (the "Federal Court") is a putative securities class actions captioned *Greg Sawicki v. Stitch Fix, Inc., et al.*, Case No.: 3:18-cv-06208 (the "Securities Litigation");

**WHEREAS**, there is substantial overlap between the facts and circumstances alleged in the Derivative Litigation and the Securities Litigation, including the relevance of many of the same documents and witnesses;

**WHEREAS**, Stitch Fix and Katrina Lake, named defendants in the Derivative Litigation, are also named as defendants in the Securities Litigation, together with Paul Yee and Mike C. Smith (the "Federal Securities Class Action Defendants");

**WHEREAS**, members of the putative class in the Securities Litigation have filed motions seeking appointment as lead plaintiff in the Securities Litigation and approval of class counsel;

**WHEREAS**, upon the selection of a lead plaintiff in the Securities Litigation, it is anticipated that the lead plaintiff will file a consolidated class action complaint alleging, *inter alia*, that the Federal Securities Class Action Defendants violated the Securities Exchange Act of 1934;

**WHEREAS**, upon the filing of the consolidated class action complaint in the Securities Litigation, the Federal Securities Class Action Defendants anticipate filing a motion to dismiss for failure to state a claim;

**WHEREAS**, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" and, as result, the Securities Litigation will be stayed at least until the Federal Court decides the Federal Securities Class Action Defendants' anticipated motion to dismiss;

**WHEREAS**, in order ensure economy of time and effort for the Court, for counsel, and for litigants, Plaintiff and Defendants have agreed that, in light of the overlap between the Derivative Litigation and the Securities Litigation, and in light of the stay of proceedings which the Parties anticipate will commence by operation of law following the filing of a motion to dismiss in the Securities Litigation, that the Derivative Litigation should be voluntarily stayed on the terms set forth below unless and until either (1) the Securities Litigation is dismissed, with prejudice, by the Federal Court, and all appeals related thereto have been exhausted; or (2) the motion to dismiss the Securities Litigation is denied, and the PSLRA stay dissolves as a matter of law; or (3) any of the Parties to this Stipulation gives a ten (10) day notice that he, she or it no longer consents to the voluntary stay of the Derivative Litigation.

**NOW THEREFORE**, it is hereby stipulated by and between the undersigned that:

1. Defendants Katrina Lake, Steven Anderson, J. William Gurley, Marka Hansen, Kirsten Lynch, Sharon McCollam, Mikkel Svane and Stitch Fix, Inc. have waived service of the complaint and summons.

2. Gainey McKenna & Egleston shall serve as Interim Lead Counsel for Plaintiff in the Derivative Litigation.

3. The Parties agree that unless otherwise ordered by the Court, the terms of this Stipulation, shall apply to shareholder derivative actions later instituted in, or transferred to, this Court that involve similar or related claims, or that are otherwise deemed related to this Derivative Action. The Parties agree that when a shareholder derivative action that relates to this Derivative Action is hereinafter filed in this Court or transferred to this Court, Interim Lead Counsel for Plaintiff shall serve and file an endorsed copy of this Order upon attorneys for plaintiff in the newly-filed or transferred action. The Parties agree that Interim Lead Counsel for Plaintiff shall also advise the attorneys for any plaintiff in any such newly-filed or transferred shareholder derivative action that those attorneys must serve a copy of this Order on any new defendant(s) and file proof of service of this pre-trial Order with the Court. The Parties agree that any objections to consolidation or application of the other terms of this Order to the newly filed shareholder derivative case shall be filed with the Court promptly, with a copy served on Interim Lead Counsel for Plaintiff and counsel for Defendants. Unless otherwise ordered by the Court, the Parties agree that the terms of all orders, rulings, and decisions shall apply to all later related shareholder derivative actions instituted herein.

4. The Parties agree that if the plaintiff in any related derivative lawsuit refuses to agree to a stay under similar terms, Plaintiff may lift the agreed stay upon ten (10) days' notice in writing.

5. The Parties agree that during the pendency of this stay, Defendants shall inform Plaintiffs of any mediation with the plaintiffs in the Securities Class Action or any mediation with any other derivative plaintiffs who have asserted claims substantially similar to the claims asserted

by Plaintiff herein, and shall make a good faith effort to include Plaintiffs in any mediation with any such plaintiffs.

6. The Parties agree that notwithstanding this stay of this Derivative Action, Defendants may file a motion to dismiss on any grounds, including *forum non conveniens*.

7. The Parties agree that notwithstanding this stay of this Derivative Action, Plaintiff may file an amended complaint. Defendants shall be under no obligation to respond to the current complaint in this Derivative Action or any subsequent complaint filed in the Derivative Action during the pendency of the stay and Defendants expressly do not waive any arguments they may have that any demands in any such amended complaint would not be futile by looking at the composition of the Stitch Fix board of directors at the time of the filing date of the amended complaint. Likewise, Plaintiff does not waive any arguments she may have that any demands in any such amended complaint would be futile by looking at the composition of the Stitch Fix board of directors at the time of the filing date of the original complaint.

8. In the event that Defendants agree to produce, or any of them are ordered to produce, any documents in the Securities Litigation, copies of such documents shall be provided to Interim Lead Counsel for Plaintiff within ten (10) days, subject to the execution by Plaintiff of an appropriate confidentiality agreement governing the use and disclosure of these materials. Plaintiff shall not use any such materials provided by Defendants for any purpose besides settlement discussions and so such materials shall be protected pursuant to Federal Rule of Evidence 408 and any state counterparts. In particular, Plaintiff agrees that it shall not use such materials for the purpose of amending the complaint in the Derivative Litigation.

9. This Derivative Litigation shall be stayed, and no Case Management Order issued, upon the Court's so-ordering this Stipulation as an Order of the Court.

10. Upon occurrence of any of (1) the dismissal of the Securities Litigation, with prejudice, by the Federal Court, and exhaustion of all appeals related thereto; or (2) the denial of any motion to dismiss the Securities Litigation filed by the Federal Securities Class Action Defendants; or (3) either of the Parties to this Stipulation has given a ten (10) day notice that they no longer consent to the voluntary stay of the Derivative Litigation, then the Parties shall notify the Court within fifteen (15) court days after the occurrence of any of the events above.

Dated: March 4, 2019

| | |
|---|---|
| **GREEN & NOBLIN, P.C.**<br><br>By: */s/ Robert S. Green*_____<br>Robert S. Green<br>James Robert Noblin<br>2200 Larkspur Landing Circle, Suite 101<br>Larkspur, CA 94939<br>Telephone: (415) 477-6700<br>Facsimile: (415) 477-6710<br>Email: gnecf@classcounsel.com<br><br>**GAINEY McKENNA & EGLESTON**<br>Thomas J. McKenna<br>Gregory M. Egleston<br>440 Park Avenue South, 5th Floor<br>New York, NY 10016<br>Telephone: (212) 983-1300<br>Facsimile: (212) 983-0383<br>Email: tjmckenna@gme-law.com<br>Email: gegleston@gme-law.com<br><br>*Attorneys for Plaintiff Sabrina Royer in the Derivative Action* | **COOLEY LLP**<br>**PATRICK E. GIBBS (183174)**<br>**JESSICA VALENZUELA SANTAMARIA (220934)**<br>**WILLIAM N. GROSSWENDT (299293)**<br><br>*/s/ Jessica Valenzuela Santamaria*<br>Jessica Valenzuela Santamaria (220934)<br><br>*Attorneys for Defendants,*<br>STITCH FIX, INC., KATRINA LAKE, PAUL YEE, MIKE C. SMITH, STEVEN ANDERSON, J. WILLIAM GURLEY, MARKA HANSEN, KIRSTEN LYNCH, SHARON MCCOLLAM, and MIKKEL SVANE |

**RULE 5-1 ATTESTATION**

I, Robert S. Green, am the ECF user whose ID and password are being used to file this Stipulation to Stay Derivative Action. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that of the above signatories have concurred in this filing.

Dated: March 4, 2019

                                                       s/ Robert S. Green
                                                         Robert S. Green

SO ORDERED:

Dated: June 5, 2019

**Honorable James Donato**
**United States District Judge**